NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TY K. SANDERS,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2015-3080

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-13-0313-I-1.

---

Decided: August 13, 2015

---

TY K. SANDERS, Cedar Key, FL, pro se.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ALLISON KIDD-MILLER, BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.

---

Before WALLACH, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Ty Sanders appeals from a judgment of the Merit Systems Protection Board affirming the Department of Homeland Security's removal of Mr. Sanders from employment. Mr. Sanders alleges various deficiencies in the Board's decision, including the Board's consideration of expert testimony. Because the Board's decision contains no reversible error, we affirm.

I

Mr. Sanders was employed by Homeland Security as a Customs and Border Protection Officer ("border officer"). Following an incident at work, Mr. Sanders's supervisors required him to undergo a fitness-for-duty evaluation, which included an in-person interview by Dr. Skop and a review of the evidence by Dr. Prunier. Both doctors concluded that Mr. Sanders was not fit for duty in the border officer position.

Based on the conclusions of this first set of medical examiners, Homeland Security removed Mr. Sanders from his position. Mr. Sanders appealed to the MSPB. While the appeal was pending, Mr. Sanders underwent two additional medical evaluations, with Dr. Michael Gower and Dr. Tonia Werner. This second set of medical examiners concluded that Mr. Sanders did not suffer any diagnosable mental illness and that he was fit for duty.

An administrative judge of the MSPB considered the appeal and issued an initial decision. In the initial decision, the administrative judge gave more weight to the testimony of the second set of medical examiners. In addition, the administrative judge reasoned that the testimony of the second set of medical examiners evidenced that Mr. Sanders had recovered from any condition that had been diagnosed by the first set of medical examiners. On these bases, the administrative judge reversed the removal of Mr. Sanders.

The agency appealed. The Board reversed the administrative judge's initial decision and sustained the removal action. In the final decision, the Board discussed the competing evaluations of the two sets of medical examiners. Contrary to the initial decision, in the final decision the Board gave more weight to the testimony of the first set of medical examiners. In particular, the Board reasoned that the first set of medical examiners was more familiar with the border officer position and its concomitant responsibilities, and that the second set of medical examiners had failed to address certain concerns as to substance abuse raised in the evaluations of the first set of medical examiners.

Mr. Sanders appealed to this court.

## II

We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).[1] We will set aside any decision of the Board that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012); *see also Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). As to element (3), substantial evidence is

---

[1] Mr. Sanders presented a discrimination claim in his initial appeal as decided by the administrative judge. A23–24. However, Mr. Sanders did not appeal the administrative judge's ruling in favor of Homeland Security on the discrimination claim to the full board. A4. Mr. Sanders further does not appeal the discrimination claim to this court and has affirmatively waived any such claim. *See* Form 10 Statement Concerning Discrimination, ECF No. 4. As such, we have no reason to question our jurisdiction. *Cf. Kloeckner v. Solis*, 133 S. Ct. 596 (2012).

"such relevant evidence as a reasonable mind might accept as adequate to support" the Board's conclusion. *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). We review, using the standard of § 7703(c), the Board's determination that Homeland Security properly removed Mr. Sanders.

The Board's determination that Homeland Security met its burden is not arbitrary or capricious and is supported by substantial evidence. The Board's conclusion that Mr. Sanders's mental condition disqualified him from performing in the border officer position is clearly supported by the testimony of the first set of medical examiners. Though the testimony of the second set of medical examiners was to the contrary, the Board properly exercised its discretion to determine that the testimony of the first set of medical examiners was more probative as being more closely tailored to the duties of the border officer position. In addition, the Board discounted the value of the testimony of the second set of medical examiners for failure to address the substance abuse findings of the first set of medical examiners. As such, the Board considered the evidence presented and found a preponderance favoring Homeland Security's position. This conclusion was not arbitrary or capricious, lacking for substantial evidence, or otherwise falling within the scope of § 7703(c).

Mr. Sanders alleges error in the Board's consideration and weighing of the various forms of expert testimony. In particular, Mr. Sanders questions whether the Board sufficiently considered the entirety of the evidence, and whether the Board properly weighed the expert testimony evidence from the two sets of medical examiners. As to the former challenge, Mr. Sanders refers to the "Memorandum of Transcript: Oral Reply" document as demonstrating the failure of the Board to consider the entirety of the evidence. While it is unclear from the final decision whether the Board fully considered this document in

making its judgment, our review of this document does not reveal any evidence sufficient to overcome the reasoning otherwise put forward by the Board. As to the latter challenge, this court will not "substitute our judgment for that of the board as to the weight of the evidence or the inferences to be drawn therefrom." *See, e.g., Cross v. Dep't of Transp.*, 127 F.3d 1443, 1448 (Fed. Cir. 1997).

Mr. Sanders also alleges error in the Board's consideration of traveler complaints related to Mr. Sanders's performance as a border officer. In particular, Mr. Sanders questions whether the traveler complaints were legitimate evidence or inadmissible hearsay, with reference made to the Federal Rules of Evidence. While the Rules of Evidence may be "a helpful guide to proper hearing practices," they do not control Board proceedings. *Yanopoulos v. Dep't of Navy*, 796 F.2d 468, 471 (Fed. Cir. 1986). In any event, it does not appear that the traveler complaints played any significant part in either the evaluations of the two sets of medical examiners or the Board's final decision. Therefore, even if the traveler complaints were inadmissible, that status would not render the substantial evidence supporting the Board's conclusion thus inadequate.

For these reasons, Mr. Sanders has failed to show that the Board's final decision contained reversible error under § 7703(c). Accordingly, we affirm the Board's judgment in reinstating Homeland Security's removal of Mr. Sanders.

## AFFIRMED

No costs.