# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW S. MAYS,
      Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
      Agency.

DOCKET NUMBER
PH-0752-14-0630-I-2

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joshua L. Klinger</u>, Esquire, Denver, Colorado, for the appellant.

<u>Lorna J. Jerome</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct legal standard to the agency's charge of medical inability to perform, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective March 7, 2014, the agency removed the appellant from his Electronics Mechanic position based upon his medical inability to perform the duties of his position. *Mays v. Department of Homeland Security*, MSPB Docket No. PH-0752-14-0630-I-1, Initial Appeal File (IAF), Tab 7 at 17-18. The appellant filed the instant appeal challenging his removal. IAF, Tab 1. The administrative judge dismissed the appeal without prejudice to refiling. IAF, Tab 13, Initial Decision. The appellant subsequently requested that the appeal be reopened. *Mays v. Department of Homeland Security*, MSPB Docket No. PH-0752-14-0630-I-2, Appeal File (I-2 AF), Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining his removal. I-2 AF, Tab 32, Initial Decision (I-2 ID).

¶3    The appellant has filed a petition for review.  *Mays v. Department of Homeland Security*, MSPB Docket No. PH-0752-14-0630-I-2, Petition for Review (PFR) File, Tab 1.[2]  The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge's conclusion that the agency proved that the appellant was medically unable to perform the duties of his position; however, we modify the initial decision to apply the correct legal standard.</u>

¶4    The appellant asserts that the agency failed to prove that he was medically unable to perform the duties of his position because a physician and a physical therapist supported the fact that his condition was improving to the point that he would be able to perform his duties.  PFR File, Tab 1 at 14-15.  He also asserts that there was no evidence that his condition would recur and that it did not pose a reasonable probability of substantial harm.  *Id*. at 16.

¶5    In her initial decision, the administrative judge stated that, to prove its charge of physical inability to perform, the agency was required to show the following:  (1) the appellant's disabling condition itself was disqualifying; (2) its recurrence could not be ruled out; and (3) the duties of the appellant's position were such that a recurrence would pose a reasonable probability of substantial harm.  I-2 ID at 5 (citing *Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 11, *aff'd*, 625 F. App'x 549 (Fed. Cir. 2015)); *see* 5 C.F.R. § 339.206.[3]  Following the issuance of the initial decision, however, the Board determined that this standard applies only when an employee who occupies a

---

[2] The appellant has not challenged the administrative judge's finding that he failed to prove his claim of disability discrimination, and we find no reason to disturb this finding on review.  PFR File, Tab 1; *see Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

[3] Subsequent to the appellant's removal, the Office of Personnel Management amended 5 C.F.R. § 339.206 as to the degree of risk required.  Medical Qualification Determinations, 82 Fed. Reg. 5340-01, 5346-47, 5352 (Jan. 18, 2017) (Final Rule).  However, given our findings herein, this amendment is not material to the outcome of this appeal; thus, we need not address whether the regulatory changes apply retroactively.  *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 11 n.2.

position with medical standards is removed based solely on medical history, i.e., when the only basis for concluding that the employee was medically unable to perform the core duties of his position was the fact that his medical records reflected that, at some time in the past, he was classified as having, was examined for, or was treated for the medical condition or impairment in question. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 10-15. The Board explained that in cases, as here, involving a current medical condition, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Id*., ¶ 15. The Board has otherwise described this standard as requiring that the agency establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id*.

¶6      Here, although the administrative judge both enumerated and applied the standard set forth in 5 C.F.R. § 339.206, remand is unnecessary because the record is fully developed on the relevant issues. *See id*., ¶ 20. To this end, the administrative judge also concluded, and the appellant does not challenge, that his painful disc disease and painful lumbar facet syndrome rendered him unable to safely and efficiently perform his core duties. I-2 ID at 5, 7 n.7; *see Haas*, 2022 MSPB 36, ¶ 15. We agree with this finding. Indeed, as set forth in the initial decision, the appellant's position contained several physical requirements, including frequent lifting of up to 40 pounds, I-2 ID at 5; IAF, Tab 8 at 24, and the appellant's treating physician opined that he was "not physically capable of meeting the demands of [his] position," I-2 ID at 5-6; IAF, Tab 8 at 16-17. Moreover, the appellant sent an email to his supervisor acknowledging that certain aspects of his condition caused him concern for his own safety in the course of his duties. IAF, Tab 8 at 31.

¶7      On review, the appellant avers that his condition was "improving dramatically." PFR File, Tab 1 at 15. To this end, he contends that the

administrative judge improperly discounted the testimony of a physician who opined that, based on the appellant's ability to work as a lobster fisherman shortly before the hearing, he was healthy enough to return to work. *Id*. at 15 n.7. He also contends that his physical therapist testified that his conditions were improving. *Id*. at 15. We find these contentions unavailing. Indeed, we discern no basis to disturb the administrative judge's finding that the appellant's ability to work as a lobster fisherman was not particularly probative; the appellant had previously worked as such during the same timeframe that his treating physician stated that the appellant was physically unable to perform the duties of his position with the agency. I-2 ID at 8. Similarly, although a physical therapist testified that he had assigned the appellant a series of exercises that were reportedly helping, the physical therapist acknowledged that he was not a doctor and did not make medical diagnoses. I-2 ID at 6 n.6. Moreover, the appellant's treating physician opined, and the appellant himself acknowledged, that his conditions were incurable and would only worsen with time. IAF, Tab 8 at 17, 31. Considering the appellant's 10-month absence with no end in sight, we find that the agency established a nexus between the appellant's medical conditions and a deficiency in his attendance.

The administrative judge correctly found that the agency provided the appellant with due process.

¶8    The appellant next challenges the administrative judge's finding that the agency provided him with due process. PFR File, Tab 1 at 7-12. The administrative judge addressed the appellant's assertions that the deciding official improperly considered a telephone conversation between the human resources specialist and his physician; a meeting among the appellant, the proposing official, and the human resources specialist; and a *Douglas*[4] factors worksheet

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), the Board articulated a nonexhaustive list of 12 factors to be considered when evaluating the penalty to be imposed for certain acts of misconduct, hereinafter the *Douglas* factors.

that had been presented to the deciding official for completion.  I-2 ID at 17.  We agree that these considerations did not constitute due process violations.[5]

¶9     In *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999), the U.S. Court of Appeals for the Federal Circuit held that, if the deciding official receives ex parte new and material evidence, this constitutes a violation of the employee's due process rights.[6]  To determine whether the information constituted new and material evidence, the Board will consider the following:  (1) whether the ex parte information merely introduces "cumulative information" or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte information was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner.  *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011); *Stone*, 179 F.3d at 1377.

¶10     Regarding the phone conversation, the administrative judge found that the human resources specialist merely clarified with the appellant's physician that the appellant was undergoing physical therapy and might be able to return to work at some point, and thus, this information was virtually identical to that which was contained in the doctor's letter.  I-2 ID at 17-18; IAF, Tab 7 at 17.  We agree that the deciding official did not violate the appellant's due process rights in this

---

[5] We also have considered whether the deciding official's consideration of the conversation, the meeting, and the *Douglas* factors worksheet constituted harmful error. However, we do not find harmful error in this respect because we find that the deciding official's consideration was not likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of any alleged error. *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 19 (2016); 5 C.F.R. §§ 1201.4(r), 1201.56(c)(1).

[6] The Federal Circuit's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of his property interest without providing him with due process of law, including the right to advance notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond.

respect because the conversation did not convey any new information to the deciding official. *See Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001).

¶11    The administrative judge also found that the deciding official did not violate the appellant's due process rights by citing the meeting among the appellant, the human resources specialist, and the proposing official in which they discussed the need for additional medical documentation. I-2 ID at 18; IAF, Tab 7 at 17. She found, and we agree, that this information was confirming and clarifying, rather than new. Specifically, the conversation at this meeting merely confirmed that the agency informed the appellant that he needed to provide additional medical evidence before he could return to duty. I-2 ID at 18; *see Blank*, 247 F.3d at 1229. We also agree with the administrative judge that the appellant was given an opportunity to respond by submitting medical documentation after the meeting. I-2 ID at 18. Further, we agree that this information in no way appears to be the type likely to result in undue pressure on the deciding official. *Id*.

¶12    The appellant next asserts that the deciding official considered a *Douglas* factors worksheet that was presented to him for completion, which he asserts constituted new and material evidence. PFR File, Tab 1 at 9-10; I-2 AF, Tab 11 at 7-9. He also asserts that it was clear that this evidence resulted in undue pressure on the deciding official because he actually considered it. PFR File, Tab 1 at 11-12. As the administrative judge stated, a deciding official's knowledge of information only raises due process or procedural concerns when that knowledge is a basis for the deciding official's determinations on either the merits of the underlying charge or the penalty to be imposed. *Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 10 (2013). The administrative judge found that the deciding official credibly testified that he did not actually consider

the factors listed in the worksheet.[7]  I-2 ID at 19.  We will defer to this determination, which is implicitly based upon the deciding official's demeanor. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Accordingly, we agree with the administrative judge that the agency did not violate the appellant's due process rights.

The appellant has not provided a reason to disturb the finding that the agency proved by clear and convincing evidence that it would have removed him absent his protected disclosure.[8]

¶13     On or about March 6, 2014, the appellant informed a local newspaper, the Mount Desert Islander, that agency investigators had seized the global positioning system from his boat, causing significant damage in the process.  I-2 AF, Tab 10 at 8-9; I-2 ID at 9.  The newspaper printed this story, in which the appellant was highly critical of the agency's conduct and motive.  I-2 AF, Tab 10 at 8-9.  The administrative judge found that this disclosure was protected and was a contributing factor in the appellant's removal, but that the agency proved by clear and convincing evidence that it would have removed him notwithstanding the disclosure.  I-2 ID at 10-16.

¶14     On petition for review, the appellant contests the administrative judge's clear and convincing evidence analysis.  PFR File, Tab 1 at 13-14.  In determining whether an agency has met its burden of proving that it would have imposed the penalty absent the appellant's protected disclosure, the Board will consider all of the relevant factors, including the following:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of

---

[7] The Board has held that the *Douglas* factors generally do not apply when, as here, the removal is based upon a nondisciplinary reason.  *See Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483 (2014).  Accordingly, even if the deciding official considered this information, it would not constitute the type of information that would cause undue pressure on the deciding official because it is largely irrelevant to the penalty determination.

[8] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[9]

¶15    The appellant argues that the agency did not have strong evidence to support the removal action given that he had started to receive new treatments and therapies during the reply period and that he received a favorable report from his physician. PFR File, Tab 1 at 14. To the contrary, as the administrative judge properly found, evidence from both the appellant and his providers detailed the nature of his conditions and how those conditions prevented him from performing his duties while the other evidence demonstrated that the appellant might be able to return to work at an unspecified point. I-2 ID at 15. Thus, we agree that the agency had strong evidence in support of its action at the time of the removal.

¶16    Regarding the second *Carr* factor, the administrative judge found that the proposing official did not have a motive to retaliate because the removal had been proposed prior to the appellant's disclosure to the newspaper. I-2 ID at 15. She found that the deciding official had some motive to retaliate because the appellant's disclosure portrayed the agency in a negative light, *see Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 32 (2013), but that this retaliatory motive was not particularly strong because the disclosure was not directed at the deciding official personally or at anyone in the deciding official's chain of command, I-2 ID at 15. On petition for review, the appellant argues that

---

[9] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

there was evidence of a strong retaliatory motive because the deciding official mentioned the newspaper article when he handed the appellant the removal decision.[10]  PFR File, Tab 1 at 14.  However, the deciding official testified that the newspaper article played no role in his decision, and record shows that he had already drafted the removal decision before he learned of the article.  Hearing Recording at 23:10, 24:20 (testimony of the deciding official).  For the reasons explained in the initial decision, we agree that there was not a strong motive to retaliate in this case.  *See Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 15 (2016).

¶17     The appellant next states that the agency did not put forth any evidence regarding nonwhistleblowers.  PFR File, Tab 1 at 14.  The agency is not required to produce evidence regarding each *Carr* factor and "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012). Nevertheless, the failure to produce such evidence if it exists "may be at the agency's peril," and may cause the agency to fail to meet its clear and convincing burden.  *Id.*  Moreover, because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency.  *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).  Although this factor adds little to our analysis, we find that the agency has failed to introduce comparator evidence; therefore, *Carr* factor 3 does not weigh in the agency's favor.  However, considering the strong evidence in support of the agency's action and the lack of a strong motive to retaliate, we agree with the administrative judge that the

---

[10] The record does not appear to reflect how this topic came up or what the deciding official said about it.

agency has shown by clear and convincing evidence that it would have removed the appellant absent his protected disclosure.[11]

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[11] The appellant asserts that, because his appeal was pending before the Board for more than 1 year after his removal became effective, he did not have the choice of filing a petition for review or applying for disability retirement within the 1 year time period prescribed by statute. PFR File, Tab 1 at 4 n.1; *see* 5 U.S.C. § 8453; 5 C.F.R. § 844.201(a)(1). We find that this argument does not provide a basis for disturbing the initial decision.

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[13]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        /s/ for

                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.