**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID R. PETE,

      Appellant,

      v.

DEPARTMENT OF JUSTICE,

      Agency.

DOCKET NUMBER
DA-0752-17-0086-I-1

DATE: June 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stanley Smith, San Antonio, Texas, for the appellant.

Timothy F. Maughan, Grand Prairie, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal for physical/medical inability to perform the duties of his position. On petition for review, the appellant argues that the administrative judge erred in sustaining the charge and in finding that he failed to prove his affirmative defenses of race discrimination and retaliation for filing equal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

employment opportunity complaints. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify (1) the legal standard applicable to the agency's charge and (2) the legal standard applicable to the appellant's claim of disparate treatment disability discrimination, we AFFIRM the initial decision.

¶2      In his initial decision, the administrative judge stated that, to prove its charge, the agency was required to show the following: (1) the appellant's disabling condition itself was disqualifying; (2) its recurrence could not be ruled out; and (3) the duties of the appellant's position were such that a recurrence would pose a reasonable probability of substantial harm. Initial Appeal File (IAF), Tab 40, Initial Decision (ID) at 11 (citing *Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 11, *aff'd*, 625 F. App'x 549 (Fed. Cir. 2015)); *see* 5 C.F.R. § 339.206.[2]  Following the issuance of the initial decision,

---

[2] Subsequent to the appellant's removal, the Office of Personnel Management amended 5 C.F.R. § 339.206 as to the degree of risk required. Medical Qualification Determinations, 82 Fed. Reg. 5340-01, 5346-47, 5352 (Jan. 18, 2017) (Final Rule). However, given our findings herein, this amendment is not material to the outcome of this appeal; thus, we need not address whether the regulatory changes apply retroactively. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 11 n.2.

however, the Board determined that this standard applies only when an employee who occupies a position with medical standards is removed based solely on medical history, i.e., when the only basis for concluding that the employee was medically unable to perform the core duties of his position was the fact that his medical records reflected that, at some time in the past, he was classified as having, was examined for, and/or was treated for the medical condition or impairment in question. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 10-15. The Board explained that in cases, as here, involving a current medical condition, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Id.*, ¶ 15. The Board has otherwise described this standard as requiring that the agency establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.*

¶3      Here, although the administrative judge both enumerated and applied the standard set forth in 5 C.F.R. § 339.206, remand is unnecessary because the record is fully developed on the relevant issues. *See id.*, ¶ 20. To this end, the administrative judge concluded, after weighing the relevant medical opinions, that the appellant's back, neck, and spine conditions rendered him medically and physically unable to perform the essential functions of his position at the time of his removal. ID at 11-17; *see Haas*, 2022 MSPB 36, ¶ 15. We agree with this finding. Indeed, as set forth in the initial decision, the appellant's Correctional Officer (Senior Officer) position contained several physical requirements, including lifting objects weighing 25 pounds, carrying a stretcher with one other person, and dragging a body an extended distance. ID at 11-12; IAF, Tab 11 at 54-55, Tab 27 at 4-7. The administrative judge found persuasive the medical opinion of a physician who opined that the appellant was medically unable to

perform many of these physical requirements. ID at 15. Thus, a different outcome is not warranted.

¶4 The appellant does not challenge the administrative judge's conclusion that he failed to prove his affirmative defense of disparate treatment disability discrimination. We discern no error with the administrative judge's motivating factor analysis and we thus need not reach whether the appellant's disability was a but-for cause of the removal action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶40.

¶5 Accordingly, we affirm the initial decision as modified.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] In analyzing the appellant's claims of race discrimination and reprisal using the framework set forth in *Savage*, the administrative judge referenced direct evidence and types of circumstantial evidence. ID at 20-21. However, insofar as we find no indication that he disregarded any evidence because of its direct or circumstantial nature, a different outcome is not warranted. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.