# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THEODORE S. DOWD,
        Appellant,

    v.

GOVERNMENT PUBLISHING
  OFFICE,
        Agency.

DOCKET NUMBER
DC-0752-19-0646-I-2

DATE: September 4, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wayne Johnson, Esquire, Winter Park, Florida, for the appellant.

Thomas Kelly, Esquire, and Melissa S. Hatfield, Washington, D.C., for the
  agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
affirmed his removal. Generally, we grant petitions such as this one only in the
following circumstances: the initial decision contains erroneous findings of
material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the proper standards to the agency's charge and the appellant's disability discrimination claim, we AFFIRM the initial decision.

## BACKGROUND

The following facts, as set forth in the initial decision and in the record, are undisputed. MSPB Docket No. DC-0752-19-0646-I-2, Appeal File (I-2 AF), Tab 25, Initial Decision (ID). The appellant was a Forklift Operator, a position that has substantial physical requirements. I-2 AF, Tab 17 at 4 (parties' stipulations). He was removed in 2017 based on charges of absence without leave (AWOL), failure to follow leave procedures, failure to follow supervisory instruction, and unprofessional and discourteous conduct. On appeal, the appellant alleged disability discrimination. In an initial decision in that matter, the administrative judge found all of the charges sustained, save the AWOL charge, and she found that the appellant established his claim of disability discrimination. She reversed the action and mitigated the removal to a 45-day suspension. *Dowd v. Government Publishing Office*, MSPB Docket No. DC-0752-17-0470-I-1, Initial Decision (Dec. 29, 2017). That decision became the Board's final decision when neither party filed a petition for review. Several days after that initial decision, the appellant returned to duty and was placed in

his former position but, because of his physical restrictions limiting his ability to carry out the required functions of a Forklift Operator, which included substantial lifting, standing, and sitting, he did not perform any work in that position, I-2 AF, Tab 17 at 4; ID at 4, and he immediately submitted a request for light duty as a disability-based reasonable accommodation. Hearing Recording (HR) (testimony of the appellant); MSPB Docket No. DC-0752-19-0646-I-1, Initial Appeal File (IAF), Tab 6 at 111; ID at 4. After the agency determined that no light duty was available, its reasonable accommodation panel convened to assess the situation and it met on several occasions. IAF, Tab 6 at 106-07, 113-16 (notes of reasonable accommodation panel meetings). Ultimately, because of the extent of the appellant's restrictions and its unsuccessful search for any vacant funded positions to which he could be reassigned, the panel found that no reasonable accommodation could be offered. *Id.* at 104-05, 112; ID at 4. When the appellant requested reconsideration, the panel reconvened to again consider his request, but concluded that he could not be accommodated, either by restructuring his Forklift Operator position or by reassignment. IAF, Tab 6 at 66; ID at 4-5.

Subsequently, the agency removed the appellant based on medical inability to perform. IAF, Tab 6 at 26; ID at 5. On appeal, the appellant alleged disability discrimination and retaliation for having filed his previous Board appeal. IAF, Tab 1; I-2 AF, Tab 5 at 5. Following the requested hearing, I-2 AF, Tabs 20-21, the administrative judge issued an initial decision in which he found that the charge was sustained, ID at 6-7, and that the appellant failed to establish his affirmative defenses of disability discrimination, ID at 8-12, and retaliation for having filed a Board appeal in which he claimed disability discrimination, ID at 12-13. Accordingly, the AJ affirmed the removal action. ID at 2, 14.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response. PFR File, Tab 3.

**ANALYSIS**

Although the administrative judge did not properly analyze the agency's charge, he correctly concluded that the charge was proven.

The appellant does not challenge on review the administrative judge's sustaining of the charge. However, we note that, in considering the charge of medical inability to perform, the administrative judge relied on *Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶¶ 2, 11-16, 18-19, *aff'd per curiam*, 625 F. App'x 549 (Fed. Cir. 2015), and *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶¶ 4, 8 (2014). In addressing the same charge as brought by the agency in this case, those cases relied upon 5 C.F.R. § 339.206, which provides that an employee may not be removed from a position subject to medical standards or physical restrictions "solely on the basis of medical history." The regulation provides an exception only if the condition itself is disqualifying, recurrence "is based on reasonable medical judgment," and the position's duties are such that a recurrence "would pose a significant risk of substantial harm to the health and safety of the . . . employee or others that cannot be eliminated or reduced by reasonable accommodation or any other agency efforts to minimize risk." Although the administrative judge in this case did not specifically cite to 5 C.F.R. § 339.206, he found, based on the parties' stipulations and the opinions of the appellant's treating physicians, that the appellant is medically disqualified from performing the duties of his Forklift Operator position, and he sustained the charge on that basis. ID at 6-7.

After the initial decision in this case was issued, the Board issued *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 9-19, wherein it addressed when it is appropriate for an agency to rely on 5 C.F.R. § 339.206 in removing an employee for medical inability to perform and when it is not, and the differing burdens of proof for the agency under both circumstances. The Board found that, when an employee's medical history is the sole basis for his removal, 5 C.F.R. § 339.206 is the proper standard for the agency's charge and requires proof

consistent with that provision, but that for cases involving a charge of inability to perform that do not fall under 5 C.F.R. § 339.206 because the removal is based on the employee's existing condition or a combination of both factors, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others.[2] *Haas*, 2022 MSPB 36, ¶¶ 11-12, 15. The Board further found that the latter standard has been further described as requiring the agency to establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.*, ¶ 15.

As noted, it appears that the administrative judge perceived that the appellant's removal was based on his medical history. In fact, the agency based the appellant's removal on his current medical condition. IAF, Tab 6 at 26. Because the administrative judge did not have the benefit of the Board's decision in *Haas* when he adjudicated this case, and because the record is fully developed on the relevant issues, we can apply the proper standard. *See, e.g.*, *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 27 (2016) (finding that the Board may decide an issue on review, rather than remanding, when the administrative judge applied an incorrect standard but the record was fully developed).

The appellant's position description identifies as the major duties of his position the operation of a forklift and also identifies as a major duty the moving of packages and cartons from a conveyer. IAF, Tab 6 at 77. The position description also identifies as a major duty the lifting of packages weighing between 40 and 90 pounds. *Id.* Moreover, the appellant's supervisor has repeatedly specified that the lifting requirement of the Forklift Operator position is both continuous and intermittent, 8 hours per day. IAF, Tab 7 at 7. Although

---

[2] Based on these findings, the Board in *Haas* overruled *Sanders* and *Brown* and other similar cases to the extent that, in them, the Board applied 5 C.F.R. § 339.206 to a charge of medical inability to perform when the appellant was removed based on his current medical condition or impairment. *Haas*, 2022 MSPB 36, ¶ 14.

the administrative judge did not specifically find that lifting these weights is an essential function of the appellant's position, it is clear from the position description that it is. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 6 (2014) (stating that evidence of whether a particular function is essential includes the written position description, the employer's judgment as to which functions are essential, and the amount of time spent performing the function). We therefore find that those duties constitute core duties of the appellant's position.

Based on the appellant's medical conditions and significant attendant restrictions, including not lifting more than 10 pounds, the administrative judge determined that the agency proved that the appellant was unable to perform the duties required of his position, thereby proving its charge. ID at 5-7. Indeed, the appellant stipulated that his "permanently disabling condition disqualifies him from his position of record," as a Forklift Operator. I-2 AF, Tab 17 at 6. In analyzing whether the agency has met its burden, the Board will consider whether a reasonable accommodation short of reassignment exists that would enable the appellant to safely and efficiently perform his core duties. *Clemens*, 120 M.S.P.R. 616, ¶ 5. The appellant does not dispute the agency's showing that it could not provide a reasonable accommodation that would enable him to perform his position's core duties, and that the only available option was reassignment. IAF, Tab 6 at 14. Therefore, we find that, under the correct standard, the agency proved its charge that the appellant is medically unable to perform the duties of his Forklift Operator position.

<u>The appellant failed to prove his claim of disability discrimination.</u>

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act, as amended by the Americans

with Disabilities Act Amendments Act of 2008. *Id.* Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Id.* A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8). An employer is required to provide reasonable accommodation to an otherwise qualified individual with a disability. 42 U.S.C. § 42112(b)(5). The administrative judge in this case did not determine whether the appellant is a qualified individual with a disability. ID at 8-12. The Board has recently clarified that only an otherwise qualified individual with a disability is entitled to relief for a claim of status-based discrimination or denial of reasonable accommodation. *Haas*, 2022 MSPB 36, ¶ 29.

We have agreed with the administrative judge that the appellant could not carry out the essential function of his position. The appellant challenges the agency's unsuccessful efforts to locate a vacant funded position to which he could be reassigned, arguing that he could have been placed as a Printing Services Assistant. PFR File, Tab 1 at 5-6. The administrative judge found that the appellant provided no evidence to show that he was medically qualified to perform in that position, which was encumbered until the incumbent's retirement 6 months before the appellant was removed, and which was then set for elimination and not thereafter filled. ID at 11. The appellant has not shown that the administrative judge erred in concluding that the appellant failed to show that a reasonable accommodation existed in the form of a vacant funded position for which he was qualified and which the agency denied him. For these reasons, the appellant cannot prevail on his claim of disability discrimination based on the agency's failure to reasonably accommodate him.[3]

---

[3] The appellant claims on review that the agency failed to engage in the interactive process. PFR File, Tab 1 at 6-8. However, even if the agency did fail to do so, a conclusion with which we disagree, any such failure, standing alone, does not constitute a per se reasonable accommodation violation; rather, when an agency fails to engage in

<u>The appellant failed to prove that the agency retaliated against him based on his earlier Board appeal in which he claimed disability discrimination.</u>

The administrative judge found that the appellant failed to prove that his protected activity was a motivating factor in his removal. ID at 12-13. The administrative judge acknowledged that the appellant's protected activity consisted of his prior Board appeal in which he alleged that the agency retaliated against him for requesting reasonable accommodation. *Id.* The Board has recognized that this activity is protected by the Rehabilitation Act, *see Pridgen*, 2022 MSPB 31, ¶ 44 (recognizing that requesting reasonable accommodation and complaining of disability discrimination are activities protected by the Rehabilitation Act), and that, in the context of retaliation claims arising under the Rehabilitation Act, the appellant must prove that this prior activity was the "but for" cause of the retaliation, *id.*, ¶ 46. We agree with the administrative judge that the appellant failed to meet the lesser burden of proving that his protected activity was a motivating factor in his removal, and therefore find that he necessarily failed to meet the more stringent "but for" standard that applies to his retaliation claim. ID at 12-13.

The administrative judge found that, directly after the appellant's return to duty, the agency engaged in a months-long accommodation process, ultimately concluding that his medical limitations precluded him from performing in his position of record or any other position within the agency, and that there was no evidence that any official involved in the removal or the reasonable accommodation process made any comments or remarks suggesting an animus against the appellant for filing his Board appeal. ID at 13. Moreover, the administrative judge found that, given the nature of the appellant's limitations and the unavailability of any other position to which he could be reassigned, removing him for medical inability to perform was the only option available. *Id.*

the interactive process, the appellant must show that the agency's inaction resulted in a failure to provide a reasonable accommodation. *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 18 (2011).

Notwithstanding these findings, the appellant argues on review that the agency made no attempt to modify his position or find other suitable employment for him. PFR File, Tab 1 at 9. This claim constitutes mere disagreement with the administrative judge's well-supported contrary findings, which are based on the evidence of record. The appellant also argues on review that the proposing official knew about his prior Board appeal and that his prior removal had been "overturned." *Id.* at 9-10. However, a showing that the proposing official had such knowledge is insufficient, standing alone, to prove that the appellant's protected activity was a motivating factor in his removal, much less the "but for" cause of his removal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.