**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL POWELL,
           Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,
           Agency.

DOCKET NUMBER
DE-0752-17-0327-I-1

DATE: June 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Powell, Roswell, New Mexico, pro se.

Armando Armendariz, Esquire, and Parisa Naraghi-Arani, Esquire, Fort
   Worth, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which affirmed his removal as an Air Traffic Control Specialist (ATCS) for medical inability to perform his duties after the agency revoked his medical certification. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to apply the appropriate, heightened standard to the agency's charge and to set forth the proper standard for evaluating an affirmative defense of disparate treatment disability discrimination.[2]

¶2      Although not raised by either party on review, we address one aspect of the administrative judge's analysis of the agency's charge.  The administrative judge cited *Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 11, *aff'd*, 625 F. App'x 549 (Fed. Cir. 2015), and 5 C.F.R. § 339.206[3] for the proposition that a disabling condition whose recurrence cannot be ruled out must pose "a

---

[2] The issue of sealing the appellant's medical records remained outstanding at the conclusion of the October 27, 2017 hearing and was not addressed in the initial decision.  Initial Appeal File, Tab 40 at 5, Tab 42 at 4, Tab 50, Initial Decision. However, in light of the protections afforded by the Freedom of Information Act and the Privacy Act, the records have not been sealed.  *See Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 23 n.5 (2012); *Nefcy v. Environmental Protection Agency*, 94 M.S.P.R. 435, ¶¶ 5, 7 (2003).

[3] As an initial matter, we note that the administrative judge properly applied the standard in 5 C.F.R. § 339.206 to the charge of medical inability to perform.  *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 11-14 (finding that 5 C.F.R. § 339.206 applies when an appellant is subject to medical standards and his removal is solely on the basis of medical history).

reasonable probability of substantial harm." Initial Appeal File (IAF), Tab 50, Initial Decision (ID) at 5. However, the Office of Personnel Management amended section 339.206 prior to the appellant's May 27, 2017 removal to require that the disabling condition's recurrence pose "a significant risk of substantial harm to the health and safety of the . . . employee or others that cannot be eliminated or reduced by reasonable accommodation or any other agency efforts to mitigate risk." Medical Disqualification Determinations, 82 Fed. Reg. 5340, 5346, 5352 (Jan. 18, 2017) (codified at 5 C.F.R. subpart 339). The administrative judge did not apply this heightened standard, but we find that, even under that standard, the appellant's disabling condition would pose a significant risk of substantial harm to the health and safety of others, especially in the high-risk ATCS position that he encumbered. ID at 5-6.

¶3        On petition for review, the appellant contends that (1) the administrative judge erred by finding that the second career program described in 5 U.S.C. § 3381(a) was not a reasonable accommodation when Congress did not appropriate funds for it and by relying on a Lead Human Resources Specialist's declaration to that effect, (2) the agency unreasonably delayed the reasonable accommodation job search and failed to find two vacant positions to which he could have been reassigned, and (3) the agency failed to follow its own reasonable accommodation policies, which evidenced discriminatory intent. Petition for Review (PFR) File, Tab 1 at 4-5. For the reasons set forth below, we find no basis to disturb the initial decision.

¶4        Although the appellant argues that 26 U.S.C. § 9502, which established the Airport and Airway Trust Fund, indefinitely appropriates money for the second career program, the appropriations statutes in effect at the time of the appellant's removal specifically prohibited the agency from using such appropriations on new second career program applicants. PFR File, Tab 1 at 4-5; IAF, Tab 38 at 6, Tab 39 at 4-5, 582-83. We also find no basis to disturb the administrative judge's evaluation of the Lead Human Resource Specialist's declaration about the second

career program.  ID at 13 & n.11; *see Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981).

¶5        We further find that the agency did not unreasonably delay the reasonable accommodation job search or fail to find two vacant positions to which the appellant could have been reassigned.  PFR File, Tab 1 at 4.  The appellant requested reassignment as a reasonable accommodation on November 28, 2016, the agency initiated the reassignment search on December 21, 2016, and the agency conducted the agency-wide search through February 27, 2017, without success.  IAF, Tab 13 at 62-65, Tab 38 at 4-5.  The appellant has not described how the agency's minimal delay in initiating the reassignment search, or the overall 3-month reasonable accommodation process, prejudiced him, nor has he identified any vacant, funded position to which he could have been reassigned prior to his removal.  *See Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶ 12 (2013) (noting that, as part of a failure to accommodate affirmative defense, the appellant has the burden to establish the existence of a position to which he could have been reassigned); *McConnell v. Department of the Army*, 61 M.S.P.R. 163, 169 (1994) (noting that an agency is allowed a reasonable time to conduct its assessment of an accommodation request and arrive at its conclusions).  The appellant identified two vacant positions at higher pay bands for reassignment, IAF, Tab 37 at 17-20, 23-26, 65, but we agree with the administrative judge that an agency is not required to promote an individual as part of a reasonable accommodation, ID at 13 (citing *Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 14 (2010)).  We further find that the appellant, aside from his general assertion to the contrary, failed to show that the agency did not comply with its reasonable accommodation policy.  PFR File, Tab 1 at 4; ID at 13; IAF, Tab 36 at 19.  As such, we agree with the administrative judge that the appellant failed to prove his failure to accommodate affirmative defense.  ID at 10-14.

¶6 Finally, the appellant claimed below that his removal constituted disparate treatment disability discrimination. Since the initial decision was issued, the Board has clarified the legal standard for proving disparate treatment disability discrimination. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22, 40, 42. The administrative judge found that the appellant failed to show that his disability was a motivating factor in the agency's decision to remove him, and the appellant does not challenge that finding on review. ID at 9. We therefore find that we need not reach the question as to whether the appellant proved that discrimination was a but-for cause of the agency's decision to remove him.

¶7 Therefore, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.