**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SYLVESTER SINCLAIR, JR.,
                Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,
                Agency.

DOCKET NUMBER
AT-0752-22-0108-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Georgia A. Lawrence</u>, Esquire, and <u>Shaun Southworth</u>, Esquire, Atlanta,
   Georgia, for the appellant.

<u>Christopher R. Lopez</u>, Esquire, Des Plaines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal from his position as an Air Traffic Control Specialist based on charges of (1) unavailability for regular, full-time duty and (2) failure to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

maintain medical clearance. For the reasons discussed below, we GRANT the appellant's petition for review. We REVERSE the initial decision in part to find that the agency violated the appellant's due process rights, AFFIRM as MODIFIED the initial decision in part to clarify the legal standards applicable to the appellant's disability discrimination affirmative defenses, and DO NOT SUSTAIN the appellant's removal.

## BACKGROUND

¶2    Effective December 29, 2017, the agency removed the appellant from his position as an Air Traffic Control Specialist based on charges of (1) unavailability for regular, full-time duty and (2) failure to maintain medical clearance. Initial Appeal File (IAF), Tab 6 at 68-74, 84-86. Regarding the former charge, the agency alleged that the appellant had not reported for regular, full-time duty since May 8, 2015. *Id.* at 84. Regarding the latter change, the agency alleged that the appellant had been rendered medically disqualified for air traffic control duties effective April 19, 2016, and that he had not challenged this determination. *Id.* at 84, 87-88. Both the agency's notice of proposed removal and decision letter referenced the agency's unsuccessful efforts to locate another position to which the appellant could be reassigned. *Id.* at 70, 85. Following his removal, the appellant filed a formal equal employment opportunity complaint alleging that the agency had discriminated against him by (1) failing to provide him with a reasonable accommodation and (2) removing him from his position. *Id.* at 11-12, 31-34. In a final agency decision issued on November 12, 2021, the agency made a finding of no discrimination as related to the appellant's removal. *Id.* at 11-30.

¶3    On December 12, 2021, the appellant filed the instant appeal with the Board challenging the agency's removal action. IAF, Tab 1. He requested a hearing on the matter. IAF, Tab 5 at 4, Tab 11 at 3, 7. The appellant alleged before the administrative judge that the agency had engaged in disability discrimination

(failure to accommodate and disparate treatment). IAF, Tab 1 at 5, Tab 20 at 6. He also alleged that the agency had violated his due process rights because (1) the deciding official also served as the proposing official and (2) the agency had improperly relied on ex parte information regarding searches conducted for a vacant position for the appellant. IAF, Tab 18 at 4, Tab 25 at 15-18. The administrative judge informed the appellant of the applicable evidentiary burdens for these affirmative defenses. IAF, Tab 20 at 4-10.

¶4        Following a hearing conducted via Zoom for Government, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 26, Initial Decision (ID) at 1, 25. In so doing, she found that the agency proved the charges of (1) unavailability for regular, full-time duty and (2) failure to maintain medical clearance[2] by preponderant evidence and had

---

[2] The administrative judge considered the agency's charge of "failure to maintain medical clearance" as "tantamount to a charge of medical inability to perform," and analyzed the charge accordingly in the initial decision. IAF, Tab 20 at 2; ID at 7, 10-12. We discern no error with her characterization of this charge. When an agency controls the withdrawal or denial of its certification of an employee's fitness or other qualification for a position, the Board's authority generally extends to a review of the merits of that withdrawal or revocation. *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008). Indeed, the Board has previously found that it can review the validity of a Federal Aviation Administration medical decertification in an adverse action appeal. *E.g.*, *Cosby v. Federal Aviation Administration*, 30 M.S.P.R. 16, 17-19 (1986).

In analyzing this charge, however, the administrative judge relied on the standard set forth in *Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 11, *aff'd*, 625 F. App'x 549 (Fed. Cir. 2015). ID at 10-12. Following the issuance of the initial decision, the Board determined that this standard applies only when an employee who occupies a position with medical standards is removed based solely on medical history, i.e., when the only basis for concluding that the employee was medically unable to perform the core duties of his position was the fact that his medical records reflected that, at some time in the past, he was classified as having, was examined for, or was treated for the medical condition or impairment in question. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 10-15. The Board clarified that, in cases, as here, involving a current medical condition, the agency must establish that the appellant's medical condition prevents him from being able to safely and efficiently

satisfied the nexus requirement. ID at 9-13. She also found that the appellant failed to prove the aforementioned affirmative defenses and that, given the nature of the agency's charges, removal was warranted. ID at 13-24.

¶5 The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In his petition, the appellant argues that (1) the agency violated his due process rights and (2) the agency engaged in failure to accommodate disability discrimination. PFR File, Tab 1 at 4-20.

## DISCUSSION OF ARGUMENTS ON REVIEW

We reverse the initial decision in part to find that the agency violated the appellant's due process rights.

¶6 The appellant argues that the agency violated his due process rights. PFR File, Tab 1 at 6-10. To this end, he contends that the deciding official improperly relied on material ex parte information in deciding to remove him, i.e., information regarding searches conducted by the agency for a vacant position to which he could be reassigned. *Id.* He avers that, although he was notified about one job search, the agency failed to inform him about the "particularities of other job searches" despite his requesting this information. *Id.* at 6-8. For the reasons discussed herein, we agree that the agency violated the appellant's due process rights and we reverse the agency's removal action.[3]

---

perform the core duties of his position. *Id.*, ¶ 15 & n.3. This clarification is not material to the outcome of this appeal.

[3] As indicated, the appellant also alleged before the administrative judge that the agency violated his due process rights because the same person served as both the proposing official and the deciding official; however, the administrative judge found this claim unavailing. IAF, Tab 18 at 4, Tab 20 at 4; ID at 14 n.2. To the extent the appellant reasserts this claim on review, PFR File, Tab 1 at 7, we also find it unavailing, *see Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 16 (2003) (explaining that the Board has held that the proposing official and the deciding official may be the same person in a chapter 75 proceeding).

¶7 Before taking an appealable action that deprives a tenured Federal employee of his property right in his employment, an agency must provide him with minimum due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543-46 (1985). Due process entitles the employee to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Id.* at 546; *see* 5 U.S.C. § 7513(b). In determining whether these requirements have been met, the Board analyzes whether a notice of proposed removal, along with the supporting documentation attached thereto and contemporaneously provided to the appellant, afforded him sufficient notice of the charges against him to enable him to make a meaningful reply to the proposal. *See Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 8 (2004).

¶8 The Board also looks to whether new and material information was introduced by means of an ex parte communication to the deciding official. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). Pursuant to the U.S. Court of Appeals for the Federal Circuit's decisions in *Stone* and *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011), a deciding official violates an employee's due process rights when he relies on new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed. The Board will consider the following factors, among others, to determine whether an ex parte contact is constitutionally impermissible: (1) whether the ex parte communication merely introduces "cumulative" information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. When a procedural due process violation has occurred, such a violation is not subject to the harmless error test; rather, the appellant is entitled to a new constitutionally correct administrative procedure. *Id.*

¶9     Here, the agency's August 21, 2017 notice of proposed removal stated, in pertinent part, that the appellant had been medically disqualified from his Air Traffic Control Specialist position since April 2016. IAF, Tab 6 at 84. The notice explained that "[t]he [agency's] policy is to assist, to the extent possible, the continued employment for employees who are found medically disqualified from their present position, but may still be qualified for other positions in the [a]gency." *Id.* at 85. The notice indicated that, on June 14, 2016, the agency had received the appellant's requested job parameters and conducted an unsuccessful search for a vacant position based on the information he provided; however, "as of August 4, 2016," no vacant positions were available for him. *Id.* The notice also stated that the agency had conducted "a [second] job search, [Federal Aviation Administration (FAA)] and [Department of Transportation (DOT)] wide." *Id.*

¶10    In response to the notice of proposed removal, the appellant averred that he had not been provided information regarding the agency's job searches, to include the results thereof, and that the agency had not included this information in the list of the materials relied upon in the notice of proposed removal. *Id.* at 52-53, 86. Accordingly, the appellant requested information regarding both of the agency's job searches along with a list of "all FAA and DOT Jobs Government wide, which have been hired within the FAA and DOT Whether Temporaily Detailed and/or made permanent for hire, from the period of May 8th 2015 until present date." *Id.* at 52-53 (grammar, punctuation, and spelling in original).

¶11    On December 20, 2017, the agency issued its decision on the proposed removal, again stating that the agency had conducted two unsuccessful job searches for a position for the appellant. *Id.* at 54-59. The decision letter acknowledged the appellant's request for information regarding the searches; however, the letter stated that, if the appellant "would like to request information regarding FAA and DOT jobs [] from the period of May 8, 2015 to the present," he could "submit a formal request to the Freedom of Information Act (FOIA)

Coordinator." *Id.* at 54-55. In other words, the decision letter indicated that the agency had not provided the appellant with any additional information regarding the job searches prior to effecting his removal; rather, upon effecting his removal, it informed him that he could seek publicly available information via a FOIA request. *Id.*

¶12     The appellant has not disputed that he is medically unable to perform the duties of his Air Traffic Control Specialist positon; thus, the contested issue underlying the agency's nondisciplinary removal action is whether the appellant could be reassigned to another position. In cases involving a medical inability to perform, the agency's ability to reassign an employee to a vacant position for which he is qualified goes to the reasonableness of the penalty. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 5 (2014). Although the notice of proposed removal referenced two unsuccessful job searches, the agency declined the appellant's request for information regarding these searches, e.g., whether the searches had yielded any vacant positions and, if so, why the agency had determined that the appellant was unqualified or otherwise ineligible for such positions. IAF, Tab 6 at 54-55, 85. Given the circumstances, we find that the agency's failure to provide this information precluded the appellant from meaningfully responding to the agency's proposed action and amounted to a violation of his due process rights. *See Cheney v. Department of Justice*, 479 F.3d 1343, 1353 (Fed. Cir. 2007) (concluding that an employee had not been provided with the opportunity to make a meaningful response to the agency's notice of proposed suspension when the appellant was left to guess at the reasons for his security clearance suspension); *see also O'Keefe v. U.S. Postal Service*, 318 F.3d 1310, 1315 (Fed. Cir. 2002) (concluding that, because due process requires that an employee be given notice of the charge and specifications against him in sufficient detail to allow the employee to make an informed reply, it was a due process violation to justify a penalty based on allegations not set forth in the notice of proposed removal). To this end, the agency's second job search, which

concluded in November 2016, yielded vacant FAA Support Specialist positions; however, agency personnel determined that the appellant could not be reassigned to these positions because they were not equivalent to his Air Traffic Control Specialist position. IAF, Tab 13 at 97. The appellant, having not received any contemporaneous information regarding his consideration for these positions, was unable to address the agency's determination in this regard prior to his removal. Moreover, despite indicating in both its notice of proposed removal and its decision letter that it had conducted two unsuccessful job searches for the appellant, the agency has since acknowledged that it actually conducted four job searches.[4] *E.g.*, PFR File, Tab 3 at 6; IAF, Tab 6 at 6, 55, 85, Tab 13 at 4, Tab 14 at 81.

¶13    We also find that the deciding official considered material, ex parte information in violation of the appellant's due process rights. To this end, on September 22, 2017, i.e., approximately 1 month after the issuance of the notice of proposed removal, an agency Human Resources Specialist and an agency Labor Employee Relations Specialist retroactively considered whether the appellant was qualified for a Staff Support Specialist position for which the vacancy announcement closed on September 21, 2017. ID at 7; IAF, Tab 16 at 78-84, Tab 19 at 47-48. Notably, the deciding official testified that he too considered whether the appellant was qualified for this position. Hearing

---

[4] As set forth in the initial decision, the first job search, which began in June 2016, apparently yielded no results. ID at 3-4; IAF, Tab 13 at 81, Tab 14 at 81. The second search, which concluded in November 2016, yielded the above-discussed vacant Support Specialist positions. ID at 5; IAF, Tab 13 at 97. The third search was precipitated by March 22, 2017 advice from agency counsel regarding the inadequacy of the first two searches. IAF, Tab 19 at 45-46. To this end, counsel advised the agency that the first two searches should not have been restricted to the FAA; rather, they should have been conducted DOT-wide. ID at 5-6; IAF, Tab 19 at 45. In response to this advice, the agency undertook a more expansive retroactive search. IAF, Tab 15 at 19, Tab 19 at 45, 50. As discussed in greater detail herein, the fourth search, which was also retroactive, occurred in September 2017, i.e., after the issuance of the notice of proposed removal but prior to the issuance of the decision letter.

Transcript (HT) at 134-35, 153-54 (testimony of the deciding official). Indeed, the deciding official testified that he and the agency's Labor and Employee Relations Specialist "had conversations about the availability of the position and the requirements of the position" and that the two "both came to the same conclusion that due to the [appellant's] medical diagnosis and the responsibilities of the job, that it would not be a proper fit." HT at 153 (testimony of the deciding official). The deciding official acknowledged that, had the appellant been found qualified, he would have been given the position, i.e., he would not have been removed from Federal service. HT at 162-63 (testimony of the deciding official). The appellant, however, did not learn that the agency had considered him for this position until after his removal. HT at 254-56 (testimony of the appellant). We find that this information constituted constitutionally impermissible new and material ex parte information. *See Stone*, 179 F.3d at 1377. Indeed, when a deciding official admits that ex parte information influenced his penalty determination, the information in question is clearly material. *Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶ 12 (2011).

¶14    Because we find that the agency violated the appellant's due process rights, we reverse the initial decision in part and do not sustain the agency's removal action. Even when the underlying action is overturned on procedural grounds, however, the Board must decide the discrimination issues raised in an appeal; accordingly, we herein consider the appellant's disability discrimination claims.[5] *Schibik v. Department of Veterans Affairs*, 98 M.S.P.R. 591, ¶ 11 (2005).

---

[5] Because we reverse the agency's removal action, we need not address the appellant's other remaining claims, including his contention that the agency committed harmful procedural error. PFR File, Tab 1.

<u>We affirm the administrative judge's conclusion that the appellant failed to prove his claim of disparate treatment disability discrimination; however, we clarify the legal standard for this claim.</u>

¶15    The appellant argued before the administrative judge that the agency engaged in disparate treatment disability discrimination; however, he does not discernably raise any arguments regarding this claim on review. PFR File, Tab 1; IAF, Tab 20 at 6. We discern no basis to disturb the administrative judge's conclusion that the appellant failed to prove this claim; however, we take this opportunity to clarify the applicable legal standard therefor. ID at 23-24.

¶16    Following the issuance of the initial decision, the Board clarified that an appellant who proves that disability discrimination was a motivating factor in the contested personnel action may be entitled to injunctive or other "forward-looking" relief, but to obtain the full measure of relief, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, the appellant must show that discrimination was a "but-for" cause of the action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22, 40, 42. Here, the administrative judge concluded that the appellant had failed to identify evidence of discriminatory animus on part of the agency, and we discern no basis to disturb this conclusion. ID at 23-24. Accordingly, we need not reach the question as to whether the appellant proved that discrimination was a but-for cause of the agency's decision to remove him.

<u>We affirm the administrative judge's conclusion that the appellant failed to prove his claim of failure to accommodate disability discrimination.</u>

¶17    The appellant raises a series of challenges regarding the administrative judge's conclusion that he failed to prove his affirmative defense of failure to accommodate disability discrimination. PFR File, Tab 1 at 5-20. To this end, he challenges the administrative judge's conclusion that he was medically unable to perform the essential functions of a particular vacant position and he avers that the agency failed to engage in the interactive process. *Id.* at 5-6, 14-15. We find that these arguments do not warrant a different outcome.

¶18     An agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations.  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a).   Reasonable accommodation includes modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential job functions.  *Miller*, 121 M.S.P.R. 189, ¶ 13.  In order to establish disability discrimination based on a failure to accommodate, an employee must show the following:  (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) he is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation.  *Id.*

¶19     Here, we find no basis to disturb the administrative judge's conclusion that the appellant failed to satisfy the definition of a "qualified" individual under 29 C.F.R. § 1630.2(m);[6] thus, he necessarily failed to show that the agency engaged in failure to accommodate disability discrimination.  ID at 18-23; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28 (explaining that

---

[6] The appellant draws the Board's attention to the fact that the administrative judge stated that, because the appellant was medically unable to perform the duties of an Air Traffic Control Specialist with or without a reasonable accommodation, he failed to show that he is a qualified individual with a disability "for the [Air Traffic Control Specialist] position."  PFR File, Tab 1 at 12; ID at 19.  Because this statement may have elicited confusion, we modify the initial decision to clarify that, in analyzing whether an employee has shown that he is a qualified individual with a disability, the Board must consider not only whether there was a reasonable accommodation that would have enabled the employee to perform the essential functions of his position, but also whether the agency could have accommodated the employee via reassignment.  *See Desjardin v. U.S. Postal Service* 2023 MSPB 6, ¶ 28.  Here, insofar as the administrative judge also properly considered whether the agency could have reassigned the appellant, a different outcome is not warranted.  ID at 19-23; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

a claim of disability discrimination based on an agency's failure to reasonably accommodate that disability requires that the individual be a qualified individual with a disability).

¶20        An appellant can establish that he is a qualified individual with a disability by showing that he can, with or without accommodation, perform either the essential functions of his position of record or those of a vacant funded position to which he could be assigned. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 28; *see* 29 C.F.R. § 1630.2(m). On review, the appellant does not challenge the administrative judge's conclusion that he is medically unable to perform the essential duties of his Air Traffic Control Specialist, i.e., his position of record. PFR File, Tab 1; ID at 18-19. Moreover, we find that he has not presented a basis to disturb her conclusion that he failed to identify a vacant position to which the agency could have reassigned him. ID at 19-23; *see Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶ 12 (2013) (explaining that, as part of a failure to accommodate affirmative defense, the appellant has the burden of establishing the existence of a position to which he could have been reassigned). Indeed, discussed in the initial decision, the appellant identified eight potential positions that were vacant during the relevant timeframe. ID at 21; IAF, Tab 19 at 8. The appellant provides no basis to disturb the administrative judge's conclusion that his reassignment to seven of these eight positions would have constituted a promotion.[7] ID at 21; *see Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 14 (2010) (explaining that an agency is not required to

---

[7] On review, the appellant argues that agency policy and the applicable collective bargaining agreement required the agency to reassign him to any vacant position for which he was qualified, regardless of whether the reassignment would result in a promotion. PFR File, Tab 1 at 5, 11. This claim of harmful procedural error, however, is unavailing for purposes of his disability discrimination affirmative defense. *See Taylor v. Department of Homeland Security*, 107 M.S.P.R. 306, ¶ 8 (2007) (explaining that the Rehabilitation Act does not require an agency to promote an individual in order to provide reasonable accommodation).

promote an individual in order to provide reasonable accommodation).  Moreover he does not provide a basis to disturb the administrative judge's conclusion, which was based in part on credibility determinations, that his medical restrictions precluded him from performing the essential functions of the eighth position.  ID at 22; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed").  To the extent the appellant reasserts that the agency should have expanded its search parameters, his contention is unavailing; indeed, as set forth in the initial decision, it was ultimately the appellant's burden to show the existence of a vacant position to which he could have been reassigned.  ID at 22; *see Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 54 (1998) (clarifying that the agency's failure to look for a position as a reasonable accommodation does not relieve the appellant of the burden of ultimately showing that such positions existed and were available).

¶21      The appellant argues that the agency failed to engage in the interactive process.  *E.*g., PFR File, Tab 1 at 5-6.  However, the Board has found that an agency's failure to engage in the interactive process alone does not violate the Rehabilitation Act; rather, the appellant must show that this omission resulted in failure to provide reasonable accommodation.  *Gonzalez-Acosta*, 113 M.S.P.R. 277, ¶ 16; *see Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 24 (2006) (explaining that, to rule in favor of an employee on a disability discrimination claim merely because he has "articulated" a reasonable accommodation not only relieves the employee of his burden of proof, but can lead to an unenforceable decision).  The appellant has not made such a showing.[8]

---

[8] We have considered the appellant's remaining arguments, including his claim that the administrative judge either misinterpreted or failed to consider certain evidence in the record; however, we find these claims unavailing.  PFR File, Tab 1 at 18-20; *see Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984)

Accordingly, we find that he failed to prove his claim of failure to accommodate disability discrimination.[9]

**ORDER**

¶22      We ORDER the agency to cancel the removal action and restore the appellant effective December 29, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶23      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶24      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

---

(explaining that an administrative judge's failure to discuss all of the evidence of record does not mean that the evidence was not considered), *aff'd*, 776 F.3d 1062 (Fed. Cir. 1985) (Table).

[9] We acknowledge the apparent conflict of finding both that the agency violated the appellant's due process rights by failing to provide him with material information regarding its job searches and that the appellant failed to identify a vacant position to which he could have been reassigned, i.e., that the job searches failed to yield a vacant position. However, as indicated, a due process violation is not subject to the harmful error test; indeed, an appellant subject to such a violation is automatically entitled to a new, constitutionally correct removal proceeding. *Ward*, 634 F.3d at 1279.

¶25         No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶26         For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.