**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THERESA M. DURAN, | DOCKET NUMBER |
| Appellant, | DE-0752-16-0116-I-2 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: March 8, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Goldenzweig, Esquire, Houston, Texas, for the appellant.

Jennifer A. Weger, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED concerning the agency's proof of its charge and to clarify the analysis of the appellant's affirmative defenses, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed as an Industry Operations Investigator with the agency's Bureau of Alcohol, Tobacco, Firearms and Explosives. MSPB Docket No. DE-0752-16-0116-I-1, Initial Appeal File (IAF), Tab 1 at 1.[2] As described at length in the initial decision, beginning in or around November 2011, the appellant requested various reasonable accommodations for her medical conditions, which caused her to experience sensitivity to light, severe headaches, and neck pain. MSPB Docket No. DE-0752-16-0116-I-2, Appeal File (I-2 AF), Tab 83 at 6-15, Initial Decision (ID). On February 9, 2015, the appellant submitted a Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act) (FMLA) form, in which her doctor indicated that, due to her conditions, the appellant was unable to "work on a computer" or "attend meetings in brightly lighted rooms." I-2 AF, Tab 56 at 246, 249. In a separate section on the form, the appellant's doctor indicated that the appellant's conditions caused episodic flare-ups, which prevented her from performing her job duties approximately 2 times a month for 24-48 hours per episode. *Id.* at 247.

---

[2] The appeal was initially dismissed without prejudice to allow the appellant to retain new counsel. IAF, Tab 31.

After receiving the FMLA form, the agency approved the appellant's request for FMLA leave, but later sought further clarification of the appellant's medical conditions, including an explanation of how such conditions affected her ability to work on a computer and any job accommodations that the agency could provide to allow her to work on a computer. I-2 AF, Tab 46 at 118, Tab 56 at 251-59. The appellant declined to provide any further information or sign a waiver to allow the agency to communicate directly with her doctor. I-2 AF, Tab 56 at 261. Consequently, on July 15, 2015, the agency proposed the appellant's removal for medical inability to perform the essential functions of her position, which it contended included working on a computer. IAF, Tab 13 at 97-105. By letter dated November 6, 2015, the agency sustained the proposal, and removed the appellant. *Id.* at 26-30. Following her removal, on July 21, 2016, the appellant filed an application for disability retirement, which was granted on July 13, 2017. I-2 AF, Tab 46 at 120-134, Tab 76 at 9-12.

The appellant filed a Board appeal, disputing the agency's removal charge and raising affirmative defenses of disability discrimination (failure to accommodate), retaliation for prior equal employment opportunity (EEO) activity, and whistleblower reprisal. IAF, Tab 1 at 7; I-2 AF, Tab 48 at 2. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal and finding that the appellant failed to prove her affirmative defenses. ID at 22-30.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 7. The agency has filed a response in opposition, and the appellant has filed a reply. PFR File, Tabs 9-10.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved its charge of medical inability to perform.

When, as in this case, the appellant does not occupy a position with medical standards or physical requirements or subject to medical evaluation

programs, in order to establish a charge of physical inability to perform, the agency must prove a nexus between the employee's medical condition and observed deficiencies in her performance or conduct, or a high probability, given the nature of the work involved, that her condition may result in injury to herself or others. *Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R. 518, ¶ 10 (2003), *aff'd*, 122 F. App'x 513 (Fed. Cir. 2005).

Here, the administrative judge credited the appellant's statements in her July 2016 application for disability retirement that her medical conditions rendered her unable to work over the appellant's testimony to the contrary. ID at 20-21. In her retirement application, the appellant stated that she was unable to perform her job duties due to "constant and chronic headaches, photosensitivity and loss of cognitive capacity." I-2 AF, Tab 46 at 133-34. She further indicated that her medical provider had advised her on numerous occasions that she would not be able to continue working due to "functional limitations, chronic pain, and overwhelming and debilitating fatigue," which prevented her from performing her job duties, including working on a computer. *Id.* at 133.

The administrative judge found that the application was "extremely consistent with the totality of the evidence in the record" and explained why the appellant was unwilling to provide clarifying medical documentation—her doctor was already advising her that she would be unable to continue working. ID at 21. In contrast, she found the appellant's testimony—that her conditions were only debilitating during a flare-up, she could have worked with a reasonable accommodation, and she only signed the disability retirement application based on advice of counsel—to be "awkward, strained, and wholly unbelievable." ID at 19-20. Moreover, she found such testimony was "completely self-serving to [the appellant's] legal claims in this appeal" and noted that, despite her testimony, the appellant had not corrected her retirement application to reflect her contention that she could work with accommodations, but rather continued to accept a disability annuity. ID at 20-21.

On review, the appellant argues that the administrative judge erred in not crediting her testimony that she could have worked with a reasonable accommodation. PFR File, Tab 7 at 14-17. She also argues that the agency failed to show that she was incapacitated from her job duties because the deciding official erroneously interpreted her doctor's statement on her FMLA form as indicating that she was unable to work on a computer at all when, in fact, her inability to work on a computer was limited to when flare-ups occurred approximately 1 to 2 times a month. *Id.* at 10-11. Such arguments are unavailing. The record reflects that, in determining that the appellant was unable to work, the administrative judge considered the relevant documentary and testimonial evidence and applied the Board's decisions in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (explaining that the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case), and *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (holding that to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible). Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See, e.g., Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant also argues that the agency failed to prove its charge because it failed to engage in the interactive process to ascertain what her physical limitations were and consider whether there were any reasonable accommodations it could provide for her. PFR File, Tab 7 at 11-12. We are not persuaded by this argument. As the administrative judge noted, the appellant refused to cooperate

with the agency's attempts to determine the extent of her physical limitations after she submitted the FMLA form and was unwilling to provide clarifying information in response to the agency's request. ID at 14-15, 17, 21; *see, e.g., Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 19 (2014) (stating that generally when an employee cannot perform the essential functions of her job, the Board must examine whether this is true with or without a reasonable accommodation, but noting that an exception to this general rule exists when an appellant refuses to cooperate with the agency's efforts to provide an accommodation), *overruled on other grounds by Haas Department of Homeland Security*, 2022 MSPB 36. Further, as the administrative judge noted, on her disability retirement form, the appellant stated that "[n]o accommodations are possible because of the nature, extent and severity of the medical conditions of the Applicant." ID at 18.

Finally, the appellant argues that the agency failed to prove a nexus between her medical condition and any observed deficiencies in her performance or conduct. PFR File, Tab 7 at 12-14. We agree. In finding that the agency proved a nexus, the administrative judge merely noted that "deficiencies in the appellant's performance were increasingly identified in 2015 and remained unresolved by the time of her removal in November." ID at 22-23. Such a conclusory finding, however, lacks any analysis regarding how the appellant's performance deficiencies were related to her medical condition. Based on our review of the record, the agency has not established a connection between the appellant's medical conditions and her performance deficiencies. For example, one of the appellant's performance deficiencies cited was that she was excessively using email to communicate when verbal communication would have been more efficient. ID at 15, 17. Such a deficiency, however, clearly has no connection to her medical conditions, which prevented her from using a computer.

Nonetheless, we modify the initial decision to find that the agency proved its charge by showing there was a high probability that, given the nature of the appellant's work, which required computer use, the appellant's condition may have resulted in injury to herself. By the appellant's own admission, working on a computer exacerbated her medical conditions. On her disability retirement application she stated, "[m]y job required me to perform extensive computer work, reading under fluorescent lighting, which [I] was not able to do because of the constant and chronic headaches, photosensitivity and loss of cognitivy capacity to have the mental acuity in order to conduct my inspections." I-2 AF, Tab 46 at 133. She further stated:

> I also conducted field inspections at commercial premises, [and] sporting goods business premises located in personal residences, and thus would naturally include working indoors under ambient and natural light, which [I] was also not able to do because of the headaches, photosensitivity and loss of cognitive capacity to have the mental acuity in order to conduct such inspections.

*Id.* at 133-34. Similarly, the appellant's FMLA form indicated that she was unable to work on a computer and she has not offered any evidence, beyond her testimony, which the administrative judge found was not credible, establishing that she was able to work on a computer. Therefore, the agency has shown that the appellant's medical condition rendered her unable to safely and efficiently perform all the core duties of her position, and we sustain the charge.[3]

---

[3] Although the appellant's disability retirement application was not before the agency at the time it removed the appellant, the Board reviews de novo the merits of an agency's decision to take an adverse action against an employee and will consider all relevant evidence presented by the parties, whether offered at the hearing or transmitted as part of the agency's record. *See, e.g., Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶¶ 9-10 (considering the appellant's post-removal evidence of his psychiatric condition in an appeal of his removal for inability to perform the essential duties of his position, *aff'd*, 625 F. App'x 549 (Fed. Cir. 2015), *and overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36.

The administrative judge properly found that the appellant failed to prove her affirmative defenses.

After the initial decision was issued, the Board clarified its analytical framework for EEO retaliation claims and we apply that framework here. To prevail in a claim of retaliation for engaging in activity protected by the Rehabilitation Act, including filing EEO complaints based on disability discrimination and requests for reasonable accommodation, the appellant must show that retaliation was a "but-for" cause of the agency's action. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44-47. "But-for" causation is a higher burden than "motivating factor" causation. *Desjardin*, 2023 MSPB 6, ¶ 31.

The administrative judge, applying a now-obsolete burden-shifting legal standard, found that the appellant failed to show that retaliation was a motivating factor in the agency's decision to remove her. ID at 27. On review, the appellant contends that the administrative judge erred in finding that she failed to prove her affirmative defense of retaliation for prior EEO activity because the administrative judge only referenced four of the appellant's eight EEO complaints and four of her eight requests for reasonable accommodation, and did not consider her claim of reprisal for requesting FMLA leave. PFR File, Tab 7 at 18, 20-21, 23-24. She further argues that the administrative judge failed to consider that the deciding official was influenced by the proposing official's retaliatory motive under a cat's paw theory of liability. *Id.* at 19-20. We discern no error in the administrative judge's analysis. Moreover, the appellant's failure to meet the lesser motivating factor standard necessarily means the she failed to meet the more stringent but-for standard applicable to claims of retaliation based on protected activity under the Rehabilitation Act.[4]

---

[4] To the extent that the appellant claims she engaged in EEO activity based on Title VII or the Age Discrimination in Employment Act, such claims are subject to the motivating factor standard, *Desjardin*, 2023 MSPB 6, ¶ 32; *Pridgen*, 2022 MSPB 31, ¶ 30, which the administrative judge correctly found she failed to meet, ID at 27.

Regarding her affirmative defense of failure to accommodate, the administrative judge found that, on her application for disability retirement, the appellant admitted that there was no reasonable accommodation that would allow her to perform her job duties. ID at 29. The Board has also clarified its precedent on reasonable accommodation, reaffirming that a threshold question in a reasonable accommodation claim is whether the individual making the claim is a qualified disabled individual. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified disabled individual is one who can perform the essential functions of her position with or without reasonable accommodation. *Id.*

On review, the appellant argues that the agency rescinded a valid accommodation and forced her to provide additional documentation under the threat of removal. PFR File, Tab 7 at 22. However, we discern no error in the agency's request for additional information in light of the limitations identified on her FMLA form. The administrative judge properly found that the appellant's medical condition is such that she cannot perform the essential functions of her position and that no accommodation is possible. ID at 29. As such, the appellant is not a qualified individual with a disability and she is not entitled to relief on her reasonable accommodation claim.

Finally, regarding the appellant's claim of whistleblower reprisal, the administrative judge found that the appellant's vague claims failed to amount to nonfrivolous allegations that she made a protected disclosure. ID at 23-25. On review, the appellant does not challenge the administrative judge's specific findings but rather appears to set forth new alleged disclosures. PFR File, Tab 7 at 26. For example, the appellant summarily contends that she made protected disclosures to the Equal Employment Opportunity Commission regarding violations of law, rules, and regulations, including the agency's failure to follow the FMLA. *Id.* She also cites to various reports, which she contends establish that her coworkers were not following policies. *Id.* Such bare allegations,

however, fail to amount to nonfrivolous allegations or establish any error in the administrative judge's analysis.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.   You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

    If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

    Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

    If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.